**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Freeman MONGER, Defendant–Appellant.**

No. 87–5731.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 26, 1988.

Decided July 12, 1989.

Rehearing and Rehearing En Banc Denied Aug. 21, 1989.

Robert M. Friedman (argued), Memphis, Tenn., for defendant-appellant.

W. Hickman Ewing, Jr., U.S. Atty., Timothy R. DiScenza (argued), Memphis, Tenn., for plaintiff-appellee.

Before JONES and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.[*]

NATHANIEL R. JONES, Circuit Judge.

Defendant-appellant, Freeman Monger, appeals the district court's judgment and order of commitment. He contends that since the Government failed to bring him to trial within the seventy day period provided for by the Speedy Trial Act, 18 U.S.C.

§§ 3161–3174 (1982 & Supp. III 1985) ("Act"), the district court was required to dismiss the indictment. For the reasons that follow, we affirm the judgment of the district court.

I.

In February 1986, Special Agents of the Drug Enforcement Administration ("DEA") investigated claims that Monger used his business, Memphis International Realtors, to distribute cocaine. As a part of this investigation, a DEA agent arranged to purchase cocaine from Monger and the Government obtained court approval to intercept Monger's telephone conversations. In the course of the three month investigation, DEA agents wrote a summary of the conversations, and identified the parties involved in each conversation. During the investigation, the DEA intercepted over three thousand calls which allegedly evidenced illegal acts.

On July 10, 1986, Monger was arrested and charged with participation in a conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 and with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The following day, Monger made his initial appearance before the magistrate and on July 15, 1986, a preliminary hearing was held. Probable cause was established and Monger was ordered to be held in custody. On August 1, 1986, the Government filed a motion for a sixty day continuance of the normal thirty day limit for obtaining an indictment, once the defendant has been arrested. *See* 18 U.S.C. § 3161(b). The Government requested the continuance in order to complete transcription of all tapes before seeking an indictment. When the Government filed this motion, the magistrate was on vacation. The record does not indicate whether the Government attempted to present the motion to another magistrate or to a district court judge.

On August 29, 1986, the magistrate held a hearing on the Government's motion, and

---

[*] The Honorable Pierce Lively took senior status effective January 1, 1989.

Monger's motion to dismiss and for sanctions. On September 3, 1986, the magistrate granted the Government's motion, noting that the "ends of justice" required a forty-five day continuance because of the complexity of the case; the large quantity of wire tap evidence under review; the possibility of a large number of co-conspirators; and the possibility of a continuing criminal enterprise charge. The magistrate specifically found that the Government's motion for a continuance tolled the thirty day period for bringing an indictment pursuant to 18 U.S.C. § 3161(b).

On September 22, 1986, a federal grand jury indicted Monger and eleven co-defendants on twenty-two counts including charges of a conspiracy to distribute cocaine and marijuana, and of possession of cocaine with the intent to distribute it. On February 20, 1987, the district court held a hearing on Monger's motion to dismiss, and subsequently upheld the magistrate's order and denied Monger's motion. The district court reasoned that the Speedy Trial Act did not require that a motion for a continuance be *granted* within the thirty day period. Furthermore, the district court agreed with the magistrate's conclusion that the ends of justice outweighed the interests of the public and the defendant in a speedy trial. The district court also held that given the inherent complexity of the case, the number of persons implicated in the conspiracy, the tasks involved in transcribing the tapes, and the process of determining whether to seek a continuing criminal enterprise indictment, it was never reasonable to expect the Government to return the indictment within the thirty day period prescribed in section 3161(b).

## II.

The Speedy Trial Act requires that a defendant be brought to trial within seventy days following (1) his indictment or (2) first appearance before the court, whichever occurs later. If this deadline is not met, the district court must dismiss the indictment, either with or without prejudice. 18 U.S.C. § 3162(a)(2). The Act further requires that an indictment be filed within thirty days from the date upon which the defendant was arrested or served with a summons in connection with the charges in the indictment. *Id.* at § 3161(b). If the Government fails to file an indictment within the required time limit, the charges must be dropped. *Id.* at § 3162(a)(1). However, certain periods of delay are excluded from calculation of the seventy and thirty day time periods. *Id.* at § 3161(h).

There are two exclusions in the Act relating to pretrial motions. Section 3161(h)(1)(F) specifically excludes periods of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Likewise section 3161(h)(1)(J) excludes up to thirty days during which "any proceeding concerning the defendant is actually under advisement by the court." In *United States v. Pelfrey*, 822 F.2d 628 (6th Cir. 1987), we noted that section 3161(h)(1)(J)

creates a presumption of 30 excludable days for either considering a motion after a hearing has been held, or for considering a motion which does not require a hearing. This presumption is rebutted if, within the 30–day period, the motion is granted or denied, or if the record shows objectively that the motion is not under advisement. This would ordinarily be the case, for example, if the court expressly declined to consider the merits of a motion until after the occurence of a certain date or event. This would *not* be the case, however, if the anticipated event were the filing of post-hearing briefs....

*Id.* at 633–34 (emphasis in original).

Section 3161(h)(8) of the Act specifically excludes from the statutory time limits any delay resulting from a continuance which is granted based on a judge's finding that the "ends of justice" outweigh the interest of the public and the defendant in a speedy trial. The district court is required, however, to provide either oral or written reasons for granting an "ends of justice" continuance; if this condition is not satisfied, the time is not excludable. *Id.* at

§ 3161(h)(8)(A). *See also United States v. Brooks*, 697 F.2d 517, 520 (3rd Cir.1982), *cert. denied*, 460 U.S. 1071, 103 S.Ct. 1526, 75 L.Ed.2d 949 (1983).

The Act requires the district court to consider several factors when determining whether to grant a continuance under section 3161(h)(8). For example, the court must determine whether the failure to grant the continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice; whether the case is so complex, due to the number of defendants or the existence of novel questions, that it is unreasonable to expect adequate preparation for pre-trial proceedings within the time limits set forth in the Act; whether the failure to grant the continuance would deny the defendant time to obtain counsel, or would deny the Government or the defendant continuity of counsel, or would deny counsel reasonable time necessary for effective preparation. *Id.* at § 3161(h)(8)(B)(i)–(iv). District courts should not, however, grant a continuance because of general congestion of the court's calendar, or the Government's lack of diligent preparation or failure to obtain available witnesses. *Id.* at § 3161(h)(8)(C).

### III.

Monger claims that the magistrate improperly granted an "ends of justice" continuance under sections 3161(h)(8)(A) and (B). Monger contends that the magistrate's order failed to weigh his interests in a speedy trial and that the district court did not consider the impact that the continuance would have on him. In particular, Monger claims that the district court erroneously ignored testimony that he was ill, that he had lost many friends and business relationships, that his business relationship had been destroyed, and that he was emotionally "shook up" the entire time he was in jail. Monger asserts that these factors were not considered or weighed by the magistrate, either orally or in writing, in its decision to grant the "ends of justice" continuance.

Monger also argues that the magistrate erred in granting the "ends of justice" continuance because the only factual basis for granting the motion was the complex nature of the case. Since the other factual bases, the possibility of numerous co-conspirators and a charge of continuing criminal enterprise, were not specific underlying factual circumstances, Monger claims they could not support the granting of an "ends of justice" continuance.

In reviewing the district court's granting of an "ends of justice" continuance, we must first determine whether the district court set forth its reasons that the interests served by the continuance outweighed the defendant's and society's interests in a speedy trial. In the September 3, 1986 order, the magistrate listed four justifications for its finding that the "ends of justice" were served by the continuance: (1) that the facts of the case were complex, (2) that a large quantity of wiretap evidence had to be processed; (3) the possibility of a large number of co-conspirators; and (4) the possible addition of a charge of a continuing criminal enterprise. J. App. at 29. We note that the plain language of the statute indicates that the list of factors is not intended to be exhaustive. *See* § 3161(h)(8)(B) ("The factors, among others, which a judge shall consider....."). Since the magistrate in this case properly considered the factors set forth in section 3161(h)(8)(B), along with additional considerations, *i.e.*, the possibility of numerous co-conspirators and the possibility of additional charges, we find that he did not rely upon an impermissible factor in granting the continuance.

We further note that the decision whether to grant a continuance under the Act is within the discretion of the district court. *See United States v. Vega*, 860 F.2d 779, 787 (7th Cir.1988); *see also United States v. Aviles*, 623 F.2d 1192, 1196 (7th Cir.1980). In order to obtain a reversal of the district court's decision, a defendant is required to prove actual prejudice. *Vega*, at 787 (citations omitted). We find nothing in the record to warrant a conclusion that the magistrate abused his discretion in

granting the continuance. In particular, we hold that Monger's vague allegations of anxiety, illness and loss of business due to his continued incarceration are not sufficiently prejudicial to warrant dismissing the charges against him. Because the magistrate properly determined that the complexity of the case, and other permissible factors, outweighed the public and private interests in a speedy trial, and because Monger failed to show that actual prejudice resulted from the delay, we reject his arguments in this regard.

Finally, Monger contends that even if the magistrate did not otherwise err in granting a forty-five day "ends of justice" continuance, he erroneously granted the continuance after the expiration of the original thirty-day period. Monger specifically argues that retroactive "ends of justice" continuances are contrary to the Act; that the number of days retroactively applied could not be excludable days under the Act; and that he was therefore not properly brought to trial within the time limits set by the Act.

The Supreme Court held in *Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), that if a pretrial motion requires a hearing, then section 3161(h)(1)(F) automatically excludes *all* time between the filing of the motion and the conclusion of the hearing on that motion. *Id.* at 330, 106 S.Ct. at 1876. *See also United States v. Mentz*, 840 F.2d 315, 326 (6th Cir.1988); *Pelfrey*, 822 F.2d at 633. In the instant action, Monger was arrested on July 10, 1986, and on August 1, 1986, the Government filed a motion for a continuance. Thus, pursuant to section 3161(h)(1)(F), as interpreted in *Henderson*, the filing of the pre-trial motion tolled the thirty-day deadline for filing the indictment. On August 29, 1986, the magistrate concluded the hearing on the Government's motion which ended the section 3161(h)(1)(F) exclusion. However, since the order granting the continuance was not *entered* until September 3, 1986, we hold that section 3161(h)(1)(J) excluded the period during which the motion was under advisement. Not counting the forty-five day

continuance, September 11, 1986 would have been the final day for the Government to obtain an indictment; however, when the continuance is considered, October 26, 1986 was the actual deadline. The indictment was therefore timely filed on September 22, 1986.

### IV.

In sum, because the Government's pretrial motion triggered the statutory exclusion under 3161(h)(1)(F) and tolled the speedy trial clock, and because the magistrate did not err in granting the Government a forty-five day continuance (in addition to the thirty days mandated by section 3161(b)), we conclude that the Act was not violated.

For these reasons, the decision of the district court is AFFIRMED.