933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freemon T. MONGER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6355.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Freemon T. Monger, a pro se federal prisoner, moves for in forma pauperis status and appeals the district court's denial of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Monger entered a conditional guilty plea to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. Sec. 846. Monger was sentenced to fifteen years imprisonment, and his conviction was affirmed by this court on direct appeal. See United States v. Monger, 879 F.2d 218 (6th Cir.1989). In this motion, Monger alleged that: 1) the magistrate did not have the authority to deny his motion to dismiss based upon an alleged Speedy Trial violation; 2) the magistrate did not have the authority to grant the government a continuance in order to obtain an indictment after the thirty day time limit had passed; 3) his guilty plea was coerced; and 4) he received ineffective assistance of counsel.
 
 
 4
 The district court denied the motion, finding that the magistrate had the authority to deny the motion to dismiss because the matter did not fall within the language of 28 U.S.C. Sec. 636(b)(1)(A); that the issue of the propriety of the continuance had previously been litigated on direct appeal, and thus, could not be relitigated in a Sec. 2255 proceeding; and that Monger's plea was not coerced because he did not receive ineffective assistance of counsel.
 
 
 5
 On appeal, Monger argues that he was forced into an involuntary guilty plea because his rights under the Speedy Trial Act were violated, and that he received ineffective assistance of counsel. Monger has also filed a motion for in forma pauperis status on appeal.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in the court's opinion dated July 17, 1990. Monger's basic complaint in the district court and on appeal is that the magistrate made erroneous pre-trial rulings regarding his contention that the indictment should have been dismissed because the government failed to bring him to trial within the time limits mandated under the Speedy Trial Act. The propriety of the magistrate's rulings may not be relitigated in this Sec. 2255 action as the issue was considered and rejected by this court on direct appeal. See Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 7
 Monger also did not make out a claim for ineffective assistance of counsel because he did not show that counsel's performance was deficient. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Finally, Monger is not entitled to relief on his conclusory allegation that his presentence investigation report was erroneous. See United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987).
 
 
 8
 Accordingly, the motion for in forma pauperis status is denied as moot, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation