947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Freemon T. MONGER, Defendant-Appellant.
 No. 91-5364.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1991.
 
 1
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Freeman T. Monger, a pro se federal prisoner, appeals a district court judgment dismissing his motion to correct his presentence report filed pursuant to Fed.R.Crim.P. 32. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 In July 1986, Monger entered a conditional guilty plea to charges of conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. He was sentenced to fifteen years imprisonment. Monger's conviction was affirmed by this court on direct appeal. See United States v. Monger, 879 F.2d 218 (6th Cir.), cert. denied, 110 S.Ct. 552 (1989). Monger subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 which was denied by the district court; and this court affirmed on appeal. See United States v. Monger, No. 90-6355 (6th Cir. May 28, 1991) (unpublished). Thereafter, Monger filed his motion to correct his presentence report. In his motion, Monger asserted that an incorrect statement in his presentence report has affected the Parole Commission's decision concerning his parole guidelines. He specifically challenged both the report's description of the indictment as charging that the conspiracy involved the distribution of both cocaine and marijuana and the report's statement that the government contended that Monger was the head of a "multi-kilo operation."
 
 
 4
 After a review, the district court dismissed the motion, finding: (1) that Monger had been accorded the opportunity to challenge the presentence report at sentencing, but had not challenged the two items about which he complains; and (2) that the evidence did show that Monger was the head of a multi-kilogram cocaine operation. Monger has filed a timely appeal. On appeal, he asserts that his trial counsel was ineffective for failing to challenge the incorrect information in the presentence report. In addition, Monger requests the appointment of counsel in his brief on appeal.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated in the district court's order denying motion to correct presentence report dated February 7, 1991. Initially, we construe Monger's motion as a motion to vacate sentence under 28 U.S.C. § 2255. See United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988). Construed as such, we conclude that the district court correctly denied Monger's challenge to the information in the presentence report because the alleged inaccuracies were not brought to the attention of the court at sentencing. See United States v. Fry, 831 F.2d 664, 667-69 (6th Cir.1987).
 
 
 6
 Finally, in his brief on appeal, Monger asserts that his trial counsel was ineffective because he asked counsel to challenge the inaccurate information in the presentence report but counsel failed to do so. This issue will not be addressed for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge for the Eastern District of Kentucky, sitting by designation