989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Freemon T. MONGER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5691.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, JR., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Freemon T. Monger, a pro se federal prisoner, appeals from the denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Monger entered a guilty plea to conspiring to distribute cocaine and marijuana and was sentenced to fifteen years imprisonment. His conviction was affirmed on direct appeal. United States v. Monger, 879 F.2d 218 (6th Cir.), cert. denied, 493 U.S. 997 (1989). In this, his second motion to vacate sentence, Monger argued that his plea was involuntary because it was based on faulty advice from counsel and because the court failed to advise him of the elements of the offense or the consequences of his plea. The district court dismissed the motion as successive.
 
 
 3
 Upon review, it is concluded that the district court did not abuse its discretion in dismissing this motion, as it failed to allege new grounds for relief and the grounds raised had previously been rejected on the merits. See Rule 9(b), Rules Governing Proceedings Under Section 2255; cf. Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Moreover, Monger's argument that this motion should have been construed as a timely motion for relief from the earlier judgment under Fed.R.Civ.P. 60(b) is erroneous, as the pursuit of an appeal does not affect the one-year time period for filing a 60(b) motion. See McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991). Finally, Monger's argument that he should have been permitted to cure the defects in his earlier claim of ineffective assistance fails because the claim remains meritless in spite of its embellishment in the current motion.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.