NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0018n.06

No. 11-5520

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | *Jan 07, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BOBBY DEANGELO SMITH, aka Bobby Nelson, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

**Before:** **BATCHELDER, Chief Circuit Judge, KEITH and MARTIN, Circuit Judges.**

**PER CURIAM**. Defendant-Appellant Bobby Deangelo Smith contends that he was denied a speedy trial because numerous ends-of-justice continuances were granted without the requisite findings of fact, thus invalidating them. Although Smith is correct that the district court likely failed to make a sufficient record with respect to some continuances, there were multiple grounds for exclusion that are fatal to his claim for relief. We **AFFIRM** the district court's judgment.

## BACKGROUND

The criminal charges against Smith arise out of an incident that occurred on June 3, 2008. Smith and his co-defendant and then-girlfriend, Regina Hinton, allegedly attempted to pass counterfeit Federal Reserve Notes ("FRNs") at retail stores in Memphis, Tennessee. Secret Service agents detained Smith and Hinton as they were leaving a local department store. The agents found a roll of FRNs in Smith's pocket, including some counterfeit notes.

1

At the Secret Service field office in Memphis, Smith and Hinton were questioned. Later that day, Hinton gave the Secret Service agents consent to search the apartment she said she shared with Smith. During the search, agents found a handgun and ammunition, which led to additional charges against Smith.

On June 4, 2008, a criminal complaint was filed against Defendant-Appellant Bobby Deangelo Smith for possessing counterfeit currency in violation of 18 U.S.C. § 472. Smith made an appearance that day in front of Magistrate Judge Tu Pham.[1] Smith remained in continuous detention from June 4, 2008—the day of his initial appearance in court—until the end of his trial on December 3, 2010.

On June 26, 2008, a federal grand jury issued a ten-count indictment against Smith and his co-defendant Regina Hinton. The grand jury charged them both with four counts of aiding and abetting each other in the production of counterfeit FRNs and four counts of possessing and concealing counterfeit FRNs in violation of 18 U.S.C. §§ 471 and 472. Smith was also charged with two counts of being a felon in possession of a handgun and ammunition in violation of 18 U.S.C. § 922(g). On March 26, 2009, the Government filed a six-count superseding indictment against Smith and Hinton.[2] A second superseding indictment was filed on June 23, 2009. Another defendant, Dannette Ross, and new charges were added.[3] With her, charges of conspiracy to obstruct

_____

[1]Magistrate Judge Pham issued an Order of Temporary Detention against Smith. On June 11, 2008, Magistrate Judge Pham issued an Order of Detention Pending Trial.

[2]It included the following charges: Count 1: conspiracy to violate 18 U.S.C. §§ 471 and 472; Count 2: aiding and abetting in the production of counterfeit currency; Count 3: attempting to pass counterfeit currency; Count 4: possessing or concealing counterfeit currency; and Counts 5 and 6: violations of 18 U.S.C. § 922(g) against Smith.

[3]Count 7 and 8: conspiracy to obstruct justice and obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). Count 9: production of counterfeit currency in violation of 18 U.S.C. § 472 against Ross.

justice were brought against all three defendants. Smith was held for a total of 887 days between the date of the indictment and the start of his trial, which was November 30, 2010.

The district court granted numerous continuances in the case.[4] For many of the continuance requests, the district court docket shows a minute entry followed by a written order. Almost all of the continuances were requested by Defendants for additional time to prepare. Days were also excluded for the unavailability of Smith's co-defendant, Hinton, while she was a fugitive.

Smith raised the Speedy Trial issue three times throughout the pretrial period. First, Smith filed a Motion Requesting Speedy Trial on March 2, 2009, which was denied because he filed the motion *pro se* while represented by counsel. Second, Smith filed a Motion for Review of Pretrial Detention Period Exceeding 90-Days and Request for Immediate Release pursuant to 18 U.S.C. § 3164. The denial of his second motion included a thorough analysis of the Speedy Trial issues under § 3161(h). Third, Smith filed a Motion for Dismissal of Indictment for Violation of the Speedy Trial Act on November 30, 2010, the eve of trial. The court denied his third motion as well. Smith filed an interlocutory appeal of the denial of his third motion, which was denied by this Court, No. 10-6516 (6th Cir. Mar. 18, 2011).

It is relevant to note that Smith has had multiple attorneys throughout the proceedings, contributing to the need for more time to prepare. The first three attorneys, in order of appearance, were Larry Fitzgerald, Bernard Weinman, and Marty B. McAfee. Attorney McAfee requested to withdraw when he became a witness to the fabrication of an affidavit involving his client Smith's case. Smith's fourth attorney was Stephen Leffler. Smith, however, chose to proceed *pro se* with

---

[4]The Government notes that it only requested two short continuances—three days and twenty-nine days, respectively. The continuances were requested due to the unavailability of a material witness and a scheduling conflict.

3

Attorney Leffler as elbow counsel.  On January 29, 2010, Attorney Leffler moved to withdraw as counsel, but the parties subsequently agreed to try to "work it out."  Smith and Attorney Leffler ended up working throughout the trial together.

A jury trial was held on November 30, 2010.  The jury returned a guilty verdict on Counts 1–8 of the second superseding indictment.  Smith was sentenced to 252 months of imprisonment.  On April 21, 2011, Smith filed a timely Notice of Appeal.

## STANDARD OF REVIEW

We review a district court's interpretation of the Speedy Trial Act *de novo*.  *United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989).  "The [district] court's factual findings under the Speedy Trial Act are reviewed for clear error."  *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998), *cert. denied*, 525 U.S. 901 (1998).

The district court's decision whether to grant a continuance under the Speedy Trial Act, however, is reviewed for an abuse of discretion.  *United States v. Monger*, 879 F.2d 218, 221 (6th Cir. 1989) (internal citations omitted).  Proof of actual prejudice is required to reverse the district court's decision.  *Id.*

## DISCUSSION

Smith argues that his right to a speedy trial was violated and a dismissal of his indictment is warranted.  After a careful review of the record, we disagree.

Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, in "any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days" from the later of (1) the "filing date" of the information or indictment or (2) a defendant's first appearance before a judicial officer, e.g. an arraignment.  18 U.S.C. § 3161(c)(1).

*A. Restarting the Speedy Trial Clock*

"Where, as is the case at bar, multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." *United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) (citing 18 U.S.C. § 3161(h)(7)). "Moreover, the excludable delay of one defendant is also excluded for his codefendants." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009) (citing *United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 2009)).

Smith argues that under the one-clock method, the speedy trial clock began to run on June 23, 2009—the date of the filing of the second superseding indictment. *See* Appellant's Br. 28–29. Neither the Government nor the district court addressed this issue.

Sixth Circuit precedent, however, establishes an even later clock restart date than what Smith concedes. It is true that the second superseding indictment against all three defendants, including the newly added Dannette Ross, was filed on June 23, 2009. As established by the Speedy Trial Act, however, the clock starts from the date of indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c).

Here, each Defendant was arraigned on a different date. Ross was arraigned and entered a plea of not guilty on July 8, 2009. (R. 120.) Smith was arraigned on the second superseding indictment and entered a plea of not guilty on July 21, 2009. (R. 127.) Hinton was the last to be arraigned, on September 30, 2009. Accordingly, the speedy trial clock for Smith and his co-defendants, ran anew on September 30, 2009. This opinion, therefore, focuses on the time between the restart of the speedy trial clock and the trial—September 30, 2009 to November 30, 2010.

*B. September 30, 2009 to November 30, 2010*

The 70-day period is subject to numerous exclusions. Courts are given discretion to accommodate delays for case-specific needs. *Zedner v. United States*, 547 U.S. 489, 499 (2006).

Section 3161(h) identifies the types of delays that are excludable. *Bloate v. United States*, 130 S. Ct. 1345, 1351–52 (2010). Some exclusions are automatic; others require specific findings by the district court. *Id.*

Smith concedes to the following exclusions during the relevant period:

September 30, 2009 to October 1, 2009 (2 days)
October 13, 2009 (1 day)
October 23, 2009 (1 day)
November 9, 2009 to January 22, 2010 (75 days)
January 29, 2010 to February 19, 2010 (22 days)
March 5, 2010 to June 28, 2010 (116 days)
July 23, 2010 (1 day)
August 16, 2010 to October 12, 2010 (58 days)
November 8, 2010 to November 17, 2010 (10 days)

Appellant's Br. 21–23. The total number of days that Smith concedes were properly excluded is 286. *Id.* By Smith's count, there would be 140 non-excludable days left between September 30, 2009 and November 30, 2010. Smith's count, however, is not accurate.

### 1. Validity of the Ends-of-Justice Continuances

Smith argues that essentially all of the ends-of-justice continuances in this case should be held invalid. While Smith has shown that certain ends-of-justice continuances were likely invalid, there are ample valid exclusions that prevent him from succeeding on appeal.[5]

---

[5]The Government argues that Smith waived any arguments under the Speedy Trial Act because he either requested or consented to every single continuance granted. Although the Government is correct in noting that Smith requested or consented to the continuances, that alone is not enough to constitute a waiver. "It is the responsibility of not only the district court, but also the government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act." *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) (citing *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993)). The district court and Government are not relieved of their responsibility simply because the defendant requests a continuance. *Id.* As in *Toombs*, the "government was passive." *Id.* The Government does not present any argument that it objected to or even inquired as to the need for the continuances. Accordingly, Smith did not waive his right to a speedy trial.

Smith's focus on appeal relates to § 3161(h)(7)(A), which provides:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Courts consider whether a denial of a continuance would deny counsel the "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court must state the reasons why it grants an ends-of-justice continuance. *Monger*, 879 F.2d at 220–21. The reasons must be stated with particularity, although the order need not be lengthy. *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). The court must consider the justification for a continuance before any delay, but it may state justifications after a continuance has been granted. *United States v. Crawford*, 982 F.2d 199, 205 (6th Cir. 1993); *see also Zedner*, 547 U.S. at 506–07.

Smith argues that the way in which the district court conducted hearings and granted continuances was, as a matter of law, improper. Appellant's Br. 9–13. Smith argues that since the court entered what he characterizes as *pro forma* entries, it failed to provide "findings, proper justifications, or statements by the court explaining why granting the continuances served the ends of justice or why the continuances outweighed the public's interest in a speedy trial." *Id.* at 11. The Government, in response, argues that the court did find that granting the continuances struck a proper

7

balance, articulated its reasons for the delays, and listed the reasons supporting its findings. *Id.* at 29.

A review of the record supports Smith's assertions that there are exclusions that were likely improper. There were, however, sufficient proper exclusions, which prevent Smith from succeeding on appeal. A detailed calculation follows.

### a. January 22, 2010 to March 12, 2010

The ends-of-justice continuance for the period between January 22, 2010 and March 12, 2010 was valid. There are three relevant entries on the docket for January 22, 2010. On that day, the court granted Smith's motion for appointment of counsel. (R. 188.) The court also granted Smith's motion to withdraw his previously filed motion to suppress and gave him an additional twenty days to file an amended motion to suppress. (R. 189.) A minute entry that day further noted that Smith was no longer proceeding *pro se* and, at Smith's request, allowed an additional continuance to prepare and "coincide with [co-defendant]." (R. 190.) Finally, on February 17, 2010, the court entered an order stating that the period between January 22, 2010 and March 12, 2010 is "excludable under 18 U.S.C. § 3161(h)(8)(B)(iv) because the interests of justice in allowing additional time to prepare outweigh the need for a speedy trial." (R. 195.)

Here, Defendant filed a written motion to withdraw a motion that he had filed—a motion to suppress. He also requested an attorney and stated in detail the reasons he needed one. (R. 184.) The motion, when considered in conjunction with the court orders, articulated the specific reasons for the continuance that was granted on February 17, 2010. The district court did not need to re-articulate the facts supporting its ends-of-justice order. *See United States v. Occhipinti*, 998 F.2d 791, 797–98 (10th Cir. 1993) (holding that a detailed motion stating the reasons for a continuance

in conjunction with the district court's order provided explicit findings to support a valid ends-of-justice continuance).

Accordingly, the court properly supported the ends-of-justice exclusion for the period of January 22, 2010 to March 12, 2010. There are multiple exclusions during the period between January 22, 2010 and March 2010. This ends-of-justice exclusion would add another nineteen properly excluded days to the tally. When combined with the dates identified above to which Smith concedes exclusion, that would amount to 159 days that were properly excluded and a remaining 121 days to be considered.

### b. June 25, 2010 to August 13, 2010

During the period from June 25, 2010 to August 13, 2010, the court granted an ends-of-justice continuance based on Smith's request for additional time to prepare and for a hearing on a pending motion to suppress (or disposition of the motion to suppress, as the district court characterized it), which is consistent with the court's June 25, 2010 minute entry. (R. 237); *see also* R. 236. The order states the same and cites to 18 U.S.C. §§ 3161(h)(7)(B)(iv) and 3161(h)(1)(F) "because the interests of justice in allowing the continuance outweigh the need for a speedy trial." (R. 237.)

A close look at the record shows that the reason for the continuance was documented. On November 9, 2009 Smith filed a motion to suppress. (R. 169.) The hearing on the motion was originally set for December 18, 2009. (R. 173.) On December 8, 2009, Smith filed a detailed motion for continuance asking for the hearing to be continued because elbow counsel was unavailable to assist him. (R. 174.) The motion was granted. (R. 175.) It was then rescheduled for January 4, 2010. (R. 176.) Again, on December 23, 2009, Smith requested additional time to prepare and for the hearing on his motion to suppress. (R. 180.) The court allowed him until February 12, 2010 to

9

prepare for the pending motion. *Id.* Eventually, on January 18, 2010, Smith filed a Motion to Withdraw the Motion to Suppress.[6] (R. 184.)

The motion to withdraw provides further support for the district court's minute entries regarding the motion to suppress and the ends-of-justice continuances that Smith repeatedly requested. The minute entries document Smith's need to prepare for the hearing on his motion to suppress. The motion to withdraw, written by Smith, explains how he was unable to properly defend himself in his case because of his lack of legal training and access to resources. (R. 184.)

Accordingly, the ends-of-justice continuances related to the preparation for the motion to suppress hearing were valid for the period of June 25, 2010 to August 13, 2010. This exclusion would provide for an additional forty-seven days of excludable time, leaving seventy-six days to be considered.

### c. October 1, 2010 to November 30, 2010

On October 1, 2010, the district court held a status conference. (R. 263.) The minute entry states that although Smith was ready for trial, the Government had conflicts. *Id.* The court specifically noted that the Government had three or four out-of-state witnesses and that it would take more than five days to try the case. On October 14, 2010 the court issued an order that said the same and also cited to 18 U.S.C. § 3161(h)(7)(B)(iv) because the "interests of justice in allowing the continuance outweigh the need for a speedy trial." This is only one of the two continuances that were requested by the Government.

The exclusion was proper and sufficiently documented. The record gives details regarding the Government's conflict and the additional difficulties, namely many out-of-state witnesses and

---

[6] This motion to withdraw is the same motion that is discussed in the immediately preceding subsection of this opinion regarding the period of January 22, 2010 and March 12, 2010.

a more than one week trial period. This continuance would exclude an additional thirty-eight days. This would bring the clock down to thirty-eight non-excludable days. This calculation does not account for the numerous other valid exclusions that overlapped and might account for further valid exclusions.

## CONCLUSION

In conclusion, there was no violation of the Speedy Trial Act with respect to Smith.[7] The district court's judgment is AFFIRMED.

---

[7]An additional argument discussed in the briefs is the time excluded due to the unavailability of Smith's co-defendant Regina Hinton while she was a fugitive from justice. Under 18 U.S.C. § 3161(h)(3)(A), "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness" is expressly excludable. Because the "excludable time attributable to his co-defendants is likewise attributable to appellant," the district court was likely justified in excluding this time as well. *See United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991).

11