**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MICHAEL D. SMITH,

     Defendant - Appellant.

No. 10-1240
(D.C. No. 1:08-CV-01438-REB and
1:04-CR-00103-REB-MEH-06)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Michael D. Smith[1] seeks leave to appeal from the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside or correct sentence. In it he claimed his

attorneys were ineffective in failing to appreciate and properly respond to what he views

as a Speedy Trial Act violation. 18 U.S.C. §§ 3161-3174.

On March 10, 2004, an indictment was returned against Smith and six others

charging them with multiple counts of conspiracy and securities fraud. Smith made his

---

[1] The district court granted Smith leave to appeal in forma pauperis (*ifp*). This
Court appointed counsel under the Criminal Justice Act (18 U.S.C.A. § 3006A).

initial appearance on March 12, 2004,[2] and posted bond on March 31, 2004 (his release on bond continued until his voluntarily surrender to the Bureau of Prisons on July 28, 2008).  He was arraigned April 12, 2004, and pled not guilty .[3]  A joint jury trial[4] began April 2, 2007, and concluded on May 29, 2007.  The jury found Smith guilty on three of the seventeen counts alleged against him.

At first blush it might appear a speedy trial problem may have been overlooked by counsel, but closer review proves otherwise.  Because Smith has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability (COA).

## I.    BACKGROUND

Smith was convicted by a jury of three counts of securities fraud in violation of 15 U.S.C. §§ 77q(a), 77x, and 18 U.S.C. § 2 and was sentenced to 60 months imprisonment. He filed a direct appeal and the government cross-appealed.  However, the parties filed a joint motion to dismiss the appeals, which this Court granted.  *See United States v. Smith*, Nos. 08-1246 & 08-1282 (10th Cir. July 16, 2009) (unpublished).

Following dismissal of the appeals, Smith filed this § 2255 motion.[5]  It was

---

[2] Smith's brief sets his initial appearance on that date; we accept his assertion.

[3] On October 25, 2005, Smith was re-arraigned pursuant to a second superseding indictment.  He entered a plea of not guilty.  The last co-defendant was arraigned on April 26, 2004.

[4] Smith and three co-defendants were tried together.

[5] Smith also filed several previous § 2255 motions claiming ineffective assistance of counsel, the first before he was sentenced and the others during the pendency of his direct appeal.  The district court dismissed all three as premature and denied a COA.  We

supported by an affidavit of one of his two trial counsel, Declan O'Donnell, essentially confessing his alleged ineffectiveness with respect to speedy trial issues.

The district court held an evidentiary hearing wherein testimony was elicited from both of Smith's trial counsel, O'Donnell, whose role in the trial was minor (or at least secondary) and Richard Stuckey, who was the primary trial attorney. In a cogent, comprehensive and compelling decision, the district court concluded there was no evidence presented "from which it could be concluded that any competent attorney, *a fortiori*, one who was aware of the Speedy Trial Act of 1974 and its requirements at the time and under the circumstances of this case[,] necessarily would have been required to file a motion to dismiss the indictment on that basis to come within the wide range of competence contemplated by *Strickland*." (R. Vol. II at 180-81.) In arriving at this conclusion, the court found O'Donnell's testimony "to be entirely incredible and unworthy of credence," and described his role during the pretrial and trial stages as "marginal." (*Id.* at 178.) On the other hand, the court found Stuckey's testimony "credible." (*Id.* at 174.) His testimony "demonstrate[d] that the prevailing view of competent attorneys at the time was that the combined effect of [the district court's] April 30, 200[4], ends-of-justice order and the numerous pending pretrial motions effectively obviated any speedy trial concerns." (*Id.* at 180.)

The district court candidly admitted an apparent deficiency in its April 30, 2004

---

denied Smith's request for a COA. *See United States v. Smith*, No. 09-1066 (May 13, 2009) (unpublished).

- 3 -

ends-of-justice order[6] in light of subsequent pronouncements by this Court in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).  Analyzing our holdings in *Toombs* and *Williams*, the district court conceded its "open-ended [ends-of-justice order] . . . was not sufficient *per se* to have warranted a nearly three-year continuance of the trial and that the significant lapse of time between the filing and resolution of many of the numerous motions submitted in this case was not entirely excludable either."  (R. Vol. II at 173.)  Even though the ends-of-justice order might not now comply with our pronouncements, the judge correctly explained why such an issue did not render Smith's trial counsel ineffective.  *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."); s*ee also Dever v. Kan. State Penitentiary*, 36 F. 3d 1531, 1537 (10th Cir. 1994) (same).  In particular, he said:

> While recognition of this understanding of the state of the law would not necessarily excuse a Speedy Trial Act violation in the first instance, it does pertain directly to the question whether counsel was ineffective for failing to perceive and advance the issue.  For had Mr. O'Donnell appreciated the potential speedy trial issue, he would have been far more perspicacious than either this court or the approximately 15 other experienced criminal defense lawyers who were involved at one time or another in this case, including

---

[6] On April 30, 2004, over Smith's objection, the court granted a co-defendant's motion for declaration of complexity, concluding the case was complex and "the ends of justice served by granting the motion outweigh the best interests of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A)."  (R. Vol. II at 78.)  Over the course of approximately three years this "ends-of-justice order" proved to be prescient – the case was not only complex, but contentious.

Mr. O'Donnell's own co-counsel.

(R. Vol. II at 174-75.)

Accordingly, the court concluded Smith did not meet the first prong of the two-part test set forth in *Strickland*, 466 U.S. at 687 (plaintiff must show his attorney's performance (1) fell below an objective standard of reasonableness and (2) that the unreasonably deficient performance resulted in prejudice).[7] It also denied Smith's request for a COA.

## II.  DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

We have undertaken a thorough review of Smith's appellate brief in support of his request for a COA, the district court's detailed order denying Smith's § 2255 motion, the

---

[7] The district court also noted Smith had "utterly failed to address the prejudice prong of *Strickland*."  (R. Vol. II at 181.)

- 5 -

record, and the applicable law. Regardless of O'Donnell's post hoc admissions, primary trial counsel's failure to move for a Speedy Trial Act dismissal did not fall below objectively reasonable standards of attorney performance considering the circumstances of this case and the then extant law. Counsel is required to be careful and competent, but not prescient. Because jurists of reason could debate the correctness of the district court's decision, Smith is not entitled to a COA.

We **DENY** Smith's request for a COA and **DISMISS** this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge