**UNITED STATES of America,**
**Plaintiff,**

v.

**Gerald VIARRIAL, Defendant.**

**No. 15–CR–0214–MV–001**

United States District Court,
D. New Mexico.

Signed November 18, 2015

Kyle T. Nayback, U.S. Attorney's Office, Albuquerque, NM, for Plaintiff.

### MEMORANDUM OPINION AND ORDER

MARTHA VAZQUEZ, UNITED STATES DISTRICT JUDGE

**THIS MATTER** comes before the Court on Defendant Gerald Viarrial's Unopposed Motion to Continue [the] December 14, 2015 Trial Setting [Doc. 43]. The Court, having considered the Motion, brief, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be **DENIED**.

### BACKGROUND

Defendant Gerald Viarrial was charged in a seven-count Indictment filed with this Court on January 21, 2015. *See generally* Doc. 1. On February 25, 2015, the Court entered a trial notice for March 16, 2015. *See generally* Doc. 15. On March 6, 2015, Defendant filed an unopposed motion to continue the March 15, 2015 trial setting. *See generally* Doc. 16. On March 10, 2015, the Court granted that motion and set a new trial date for June 22, 2015. *See generally* Doc. 17. On March 26, 2015, Defendant again filed an unopposed motion to continue the trial setting. *See generally* Doc. 18. Again, the Court obliged and on June 17, 2015 the Court continued the trial until August 17, 2015. *See generally* Doc. 19.

On June 29, 2015, Defendant filed two motions to suppress evidence and statements in this case. Shortly thereafter, on July 7, 2015, defendant yet again filed an unopposed motion to continue the trial setting. Yet again, the Court acquiesced and set this matter for trial on December 14, 2015. *See generally* Doc. 32. The Court held a suppression hearing on September 16, 2015 and entered an order denying both motions to suppress on October 27, 2015. Defendant now requests, for the fourth time, that the Court continue the trial setting to serve the "ends of justice." Doc. 43 ¶ 13. The Court declines to do so.

### DISCUSSION

"The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing

prompt criminal proceedings." *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir.2008). The Speedy Trial Act "requires that a criminal trial commence within seventy days of the filing of the indictment or information or the defendant's appearance, whichever occurs last." *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir.2009). Of course, any delay attributable to a continuance based on the "ends of justice" is excluded from this calculation. *United States v. Watson*, 766 F.3d 1219, 1229 (10th Cir.2014) ("One such exclusion is the ends-of-justice continuance ...."). In determine whether "the [reasons for the] granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," the Court must consider:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Toombs*, 574 F.3d at 1268–69 (citing 18 U.S.C. § 3161(h)(7)(B)(i)–(iv)). "Th[e] [ends-of-justice] exception to the otherwise precise requirements of the Act was meant to be a rarely used tool for those cases demanding more flexible treatment." *Watson*, 766 F.3d at 1229 (modifications original, internal quotation marks omitted).

▆ In support of his request for a continuance, Defendant levies two primary sets of arguments, each of which is unavailing. The Court will address each in turn. First, Defendant contends that "[s]ince undersigned counsel filed the last motion to continue trial (Doc. 24)," the Court has denied Defendant's motion to suppress and Defendant has filed a "motion to sever counts" and "anticipates filing a substantial motion in limine." Doc. 43 ¶ 7. Defendant continues that the "discovery contains many uncharged allegations and counsel needs additional time to put together what is going to be a long and exhaustive motion in limine pertaining to uncharged conduct in this case" and that "given the nature of the intra-familial allegations, counsel has been uncertain of how much communication to have with Defendant's family (mother, father, siblings). Counsel has reached a point in this case where counsel believes it beneficial to have contact with Defendant's family." *Id.* 7–8. That is, Defense counsel argues that he needs time for an "investigation of the

complicated circumstances to occur, and to evaluate the case to be able to render adequate and effective assistance of counsel to Mr. Viarrial under the Sixth Amendment to the United States Constitution." *Id.* ¶ 10.

In this set of reasons, Defendant plainly alludes to the fourth factor listed above, particularly the portion that provides for a continuance in the event that refusing to grant additional time "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The Court is unconvinced. Defense counsel has had approximately *ten months* during which to investigate the allegations in the Indictment, search for character witnesses, and otherwise prepare a defense. There is nothing in the brief or in the Court's understanding of the case that would suggest that discovery had been withheld, that new information has only recently become available, or that any other circumstance impeded his diligent preparation of this case during the past several months. This argument effectively amounts to an admission that counsel has not appropriately managed his time or diligently prepared for trial, as is demanded by the statute. By way of example, the filing of Motions to Suppress and the Motion to Sever are not, as Defendant appears to imply, events that impede simultaneous factual investigation or preparation of the case in chief. Given the three previous continuances granted in this case, the apparent simplicity of the factual allegations and legal issues, and the absence of any recent changes in the case that would require further preparation, the Court finds that the fourth factor has not been met.

 Second, Defense counsel argues that his schedule is not suited to a trial in December 2015. Specifically, he states

that he "has a federal trial setting" for January 11, 2016, "in a complicated and difficult computer fraud case" and "a federal trial setting" in another criminal case before this Court on December 14, 2015. This Court has continued the latter of these two trials, such that Defendant should have ample time between the conclusion of the instant trial and the commencement of the January 11, 2016 trial during which to prepare. This argument again appears to fit within the fourth factor, but the Court does not see any inconsistency in conducting a one-week trial on December 14, 2015 after *ten months* of preparation and proceeding to trial again a few weeks later. Indeed, if anything, this argument militates for the continuance of the later, more complicated criminal case, rather than the earlier, simpler case.

Finally, the Court finds that none of the other three factors militates for a continuance in this case. Factor One weighs slightly against the granting of a continuance, insofar as delay is generally not in the interest of justice. Factor Two is not met because, as indicated above, this case is not at all novel or complex and does not present complicated issues of fact or law. The Third Factor is inapplicable because, in this case, Defendant was indicted before he was arrested. In aggregate, the Court finds no reason to grant a fourth continuance in this matter.

## CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Gerald Viarrial's Unopposed Motion to Continue [the] December 14, 2015 Trial Setting [Doc. 43].

**IT IS THEREFORE ORDERED** that Defendant Gerald Viarrial's Unopposed Motion to Continue [the] December 14, 2015 Trial Setting [Doc. 43] is **DENIED.** **IT IS FURTHER ORDERED** that mo-

tions *in limine* and the Joint Jury Instructions are now due November 25, 2015.