FILED
United States Court of Appeals
Tenth Circuit

September 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRE STANLEY, a/k/a Sincere,
a/k/a Cere,

Defendant-Appellant.

No. 09-1467
(D.C. No. 1:07-CR-00175-CMA-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Andre Stanley appeals the district court's denial of his motion to dismiss

the criminal charges against him. He asserted that the delay between his arrest

and trial, during which time he was detained in jail, violated his Sixth

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Amendment right to a speedy trial. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

After a grand jury issued an indictment charging him with various drug and firearms crimes, Mr. Stanley was arrested on April 26, 2007. The grand jury later issued three superceding indictments, the final one on March 12, 2008. The superseding indictments added charges against Mr. Stanley and also added two codefendants. The codefendants filed motions to suppress, which caused considerable pretrial delay. Mr. Stanley also filed pretrial motions.

A few days after his arrest, an attorney was appointed to represent Mr. Stanley, but she withdrew on May 29, 2007. The next month, another attorney was appointed. This second attorney filed two motions to withdraw and was eventually permitted to withdraw on May 23, 2008. Mr. Stanley proposed to proceed pro se at trial, which was then set to begin on June 23, 2008. That trial was postponed when the government requested to have Mr. Stanley's mental competency evaluated. On June 6, 2008, the district court granted the request. Upon completion of the evaluation, the court held a hearing on January 7, 2009, and determined that Mr. Stanley was competent both to stand trial and to represent himself. Trial was scheduled to commence on March 16, 2009.

Proceeding pro se, on February 24, 2009, Mr. Stanley filed a motion to dismiss based on his right to a speedy trial, which the district court denied.

On February 25, 2009, he withdrew his pro se status and his standby counsel entered her appearance as his third attorney of record.[1]  In early March of 2009, Mr. Stanley's counsel sought another competency evaluation and the March trial date was vacated.  On April 9, 2009, the district court ordered the second competency evaluation, and a hearing was held on June 11, 2009, resulting in a finding that Mr. Stanley was competent to stand trial.

Trial commenced on July 27, 2009.  A jury convicted Mr. Stanley of four counts of use of a communications facility (a telephone) to facilitate the commission of a felony drug offense (possession with intent to distribute cocaine base), and aiding and abetting, pursuant to 21 U.S.C. §§ 843(b), 841(a)(1) and (b)(1), and 18 U.S.C. § 2; and two counts of possession with intent to distribute more than five grams of cocaine base, and aiding and abetting, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2.  The remaining counts were dismissed.  Mr. Stanley was sentenced to 48 months in prison on each count of use of a communications facility, and 120 months on each count of possession with intent to distribute, all sentences to run concurrently.

As relevant to this appeal, the district court addressed Mr. Stanley's motion to dismiss based on his right to a speedy trial at a hearing held on March 10,

---

[1]    In addition to lead counsel, the district court appointed an attorney to represent Mr. Stanley while his competency was being evaluated.

2009.[2]  After hearing arguments of counsel, the district court clarified that

Mr. Stanley was not asserting that his right to a speedy trial under 18 U.S.C.

§ 3161 was violated.  Rather, he based his claim only on the Sixth Amendment.

The court then addressed and balanced the four relevant factors established in

*Barker v. Wingo*, 407 U.S. 514, 530-33 (1972), concluding that the factors

weighed against finding a Sixth Amendment violation.  Accordingly, the district

court denied the motion to dismiss.

## ANALYSIS

### A.  Standard of Review

"We review Mr. [Stanley]'s claim that the government violated the Sixth

Amendment's Speedy Trial Clause de novo."  *United States v. Seltzer*, 595 F.3d

1170, 1175 (10th Cir. 2010).

### B.  *Barker* Analysis

The Sixth Amendment to the United States Constitution "guarantee[s] that

in all criminal prosecutions, the accused shall enjoy the right to a speedy trial."

*Vermont v. Brillon*, 129 S. Ct. 1283, 1287 (2009) (quotation and alterations

omitted).  The Supreme Court has called this guarantee "both an 'amorphous'

right and a 'fundamental' one."  *Seltzer*, 595 F.3d at 1172-73.  The Supreme

---

[2]     At a hearing held April 24, 2008, a different district judge denied
Mr. Stanley's then-pending pro se motion for a speedy trial, despite the fact
that he was represented by counsel, holding that the statutory time period had not
run and noting that the case was complex and discovery had been extensive.
R. Vol. 3 at 265, 267.

Court has acknowledged that the "right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate." *Barker*, 407 U.S. at 521.

To determine whether a defendant's right to a speedy trial has been violated, the Supreme Court has established a four-part balancing test. The factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his desire for a speedy trial, and (4) whether the delay prejudiced the defendant. *Id.* at 530. No single factor is dispositive; "[i]nstead, the factors are related and must be considered together along with other relevant circumstances." *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009). For Sixth Amendment purposes, the speedy trial time period begins when the defendant is first arrested or charged with committing a federal offense and ends when his jury trial begins. *United States v. Gomez*, 67 F.3d 1515, 1521 (10th Cir. 1995).[3]

---

[3] The district court evaluated whether the delay between arrest and the filing of the motion to dismiss, 22 months, was prejudicial. Our analysis is based on the 27-month delay between arrest and trial.

### (1) Length of the Delay

"The length of delay is a threshold factor.  Only if the delay is presumptively prejudicial need we inquire into the remaining *Barker* factors." *Id.* The government concedes that the length of the delay, 27 months, was presumptively prejudicial and we agree.  *See United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice.").  Therefore, we proceed to the remaining factors.

### (2) Reason for the Delay

Mr. Stanley contends that some of the delay was attributable to the government's decision to indict two codefendants in two separate superseding indictments:  Tyrus McClain on August 23, 2007, and Henry Morgan on November 28, 2007.  The codefendants then filed motions challenging the wiretap evidence and the search of the vehicle in which drugs were found.  Mr. Stanley initially joined these motions, but withdrew from all motions on December 27, 2007, to remove obstacles from setting a trial date.  But his attorney stated in open court on January 31, 2008, that Mr. Stanley did not seek severance from his codefendants.  R. Vol. 3 at 138.  Consequently, because he did not request severance from his codefendants, his trial could not be set until the codefendants' motions were resolved.

Mr. Stanley also complains about the delay resulting from the government's motion for a competency evaluation. The district court granted the motion for the evaluation on June 6, 2008. The hearing was held on January 7, 2009, seven months later. As the district court acknowledged, the evaluation took longer than the estimate of 45 days to complete, but there was no order setting a deadline. The government requested the competency evaluation after Mr. Stanley discharged his attorney and announced his intention to proceed to trial pro se. Because he was not represented, it fell to the government to request an evaluation based on Mr. Stanley's behavior, which was also a concern of the district court, *see id.* Vol. 4 at 72, so this delay does not weigh against the government. In addition, the two-month delay required for the later competency evaluation that was requested by defense counsel weighs against Mr. Stanley.

Mr. Stanley alleges that the substitution of district judges on October 31, 2008, caused delay, but he has not explained how the change of judge delayed his case. Consequently, this claim does not weigh against the government. *Cf. Gomez*, 67 F.3d at 1522 ("[D]elay attributable to an overburdened judge . . . weighs slightly against the government." (citations, quotation, and alteration omitted)).

Although Mr. Stanley's argument that "[no] defense misbehavior or improper pleading filings" caused any delay, Aplt. Br. at 12, may be accurate, this argument ignores the fact that numerous defense motions were filed on his behalf

and that those motions, by necessity, resulted in delay. He does not dispute the government's statement that he filed 17 substantive pretrial motions and, at least initially, joined in pretrial motions filed by his codefendants. Of course, Mr. Stanley was free to file any motions necessary for a vigorous defense, but the resultant delays do not weigh against the government in the speedy trial balancing. *See United States v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994) (holding delays caused by numerous defense pretrial motions and defendant's motion to continue do not weigh against the government).

Finally, we note that Mr. Stanley's refusal to cooperate with his attorneys and the necessity of substituting lead counsel twice–once a month before trial–resulted in considerable delay to be weighed against him. *See Brillon*, 129 S. Ct. at 1292 (holding delays caused by defendant's role in necessitating substitution of defense counsel, once on the eve of trial, are attributed to defendant). Under these circumstances, we conclude that this *Barker* factor weighs against Mr. Stanley.

### *(3) Mr. Stanley's Assertion of his Desire for a Speedy Trial*

This court has stated that if the defendant has asserted his right to a speedy trial, the assertion "is given strong weight in deciding whether there has been a speedy trial violation." *Seltzer*, 595 F.3d at 1179; *see also Barker*, 407 U.S. at 531-32 ("The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived

of the right."). In contrast, a defendant who requests continuances "scarcely demonstrate[s] a desire for a speedier process." *Batie*, 433 F.3d at 1292. Mr. Stanley's situation falls in the middle ground between wanting to delay the trial for strategic reasons and unequivocally and repeatedly requesting a trial. *Compare Barker*, 407 U.S. at 535-36 (defendant delayed, hoping that codefendant would be acquitted in separate trial, resulting in codefendant's refusal to incriminate himself by testifying against defendant), *with Seltzer*, 595 F.3d at 1179 (defendant "brought prompt and repeated requests which put both the district court and the government on notice that [he] wished to proceed to a prompt resolution of his case").

Mr. Stanley first stated his desire for a speedy trial on December 26, 2007. R. Vol. I at 396 (rearraignment on first superseding indictment). He reiterated that desire at a motions hearing held on January 31, 2008, *id.* Vol. 3 at 137, and, even though represented by counsel, submitted several pro se written documents indicating his desire for a speedy trial, *id.* Vol. I at 423-24, 430 (February 15, 2008); *id.* at 491-92 (March 20, 2008); *id.* at 500 (April 22, 2008). On February 24, 2009, he filed the motion underlying this appeal seeking dismissal on speedy trial grounds. *Id.* at 814-17, 846-50.

We conclude that this factor weighs only slightly in Mr. Stanley's favor. It does not weigh heavily in his favor because his requests were countered by the fact that his attorneys filed pretrial motions on his behalf and he required

substitution of counsel numerous times. These actions undercut his requests for a speedy trial. *See United States v. Tranakos*, 911 F.2d 1422, 1429 (10th Cir. 1990) ("We are unimpressed by a defendant who moves for dismissal on speedy trial grounds when his other conduct indicates a contrary desire.").

### *(4) Prejudice to Mr. Stanley*

"The individual claiming the Sixth Amendment violation has the burden of showing prejudice." *Seltzer*, 595 F.3d at 1179 (quotation omitted). Prejudice is presumed where there was extreme delay, but where, as here, the delay is not extreme, the defendant must make a particularized showing of prejudice. *Toombs*, 574 F.3d at 1275; *see also Seltzer*, 595 F.3d at 1180 n.3 ("In some cases of extreme delay, the defendant need not show specific evidence of prejudice. Generally, the court requires a delay of six years before allowing the delay itself to constitute prejudice." (citation omitted)). To determine prejudice, we consider the interests the speedy trial right was designed to protect: "(1) prevention of oppressive pretrial incarceration, (2) minimization of the accused's anxiety and concern, and (3) minimization of the possibility that a delay will hinder the defense." *Toombs*, 574 F.3d at 1275. Of these interests, the last is the most important "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532.

We conclude that the first two considerations–oppressive pretrial incarceration and the defendant's anxiety and concern–weigh in Mr. Stanley's

favor. This court has found a two-year delay between arrest and trial to be the "type of prolonged pretrial incarceration [that] is a well-established type of prejudice that a defendant may rely upon in making a Sixth Amendment speedy trial claim." *Seltzer*, 595 F.3d at 1180. The 27-month interval in this case therefore qualifies, and we agree with the district court that Mr. Stanley's incarceration caused him anxiety and concern.

Nevertheless, even though the first two considerations weigh in Mr. Stanley's favor, the third, and most important, does not. Mr. Stanley contends that the delay hindered his defense because the delays afforded the prosecution the opportunity to develop its case against him, including finding additional witnesses. "[T]he fact that the government strengthened its case during the delay [does not] count[] as a form of prejudice." *Id.* at 1180 n.4. Moreover, Mr. Stanley does not allege that the prosecution delayed for the *purpose* of developing its case against him. *See id.* He has identified no witness who was unavailable because of the delay, and he does not assert that any witness's memory had faded due to the delay. *See Dirden*, 38 F.3d at 1138. Accordingly, this factor weighs against Mr. Stanley.

### *(5) Balancing*

In sum, the *Barker* factors do not warrant dismissal. First, the 27-month delay between arrest and trial was sufficiently lengthy to trigger the *Barker* analysis. The second factor–reason for the delay–weighs against Mr. Stanley.

-11-

The third factor–assertion of the desire for a speedy trial–weighs only slightly in his favor because his assertions (frequently made pro se, despite his representation by counsel) were diluted by pretrial motions filed by Mr. Stanley or his codefendants (from whom he did not seek severance). The fourth and final factor–prejudice to the defendant–also weighs against Mr. Stanley. We therefore affirm the district court's order denying the motion to dismiss on Sixth Amendment speedy trial grounds.

### C. Motion to File Pro Se Brief

Mr. Stanley has filed a motion for permission to file a pro se supplemental appellate brief. But he has been represented by counsel throughout this appeal. Consequently, we "invok[e] our policy of addressing on direct appeal only those issues raised by counsel," and we do not address the issues raised in Mr. Stanley's proffered pro se brief. *United States v. McDermott*, 64 F.3d 1448, 1450 n.1 (10th Cir. 1995); *accord United States v. Hildreth*, 485 F.3d 1120, 1125 (10th Cir. 2007) (denying leave to file pro se appellate briefs while appellant was represented by counsel) (collecting cases). Accordingly, the motion to file a pro se supplemental brief is denied. For the same reason, we decline to consider Mr. Stanley's pro se correspondence complaining about his current counsel of record and requesting appointment of substitute counsel.

CONCLUSION

Mr. Stanley's motion to file a pro se supplemental brief is DENIED.

The judgment of the district court is AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge