FILED
United States Court of Appeals
Tenth Circuit

August 13, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDRE STANLEY, a/k/a Sincere, a/k/a Cere,

Defendant - Appellant.

No. 13-1034
(D.C. Civ. No. 1:12-CV-00700-CMA)
(D.C. Crim. No. 1:07-CR-00175-CMA-1)
(D. Colo.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Andre Stanley, a federal prisoner appearing pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence. He also seeks leave to

---

**\*** This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Stanley is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

proceed *in forma pauperis.* Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. BACKGROUND

Mr. Stanley was convicted by a jury in the district court of two counts of possession with intent to distribute more than 5 grams of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and four counts of using a communication facility in the commission of a felony drug offense, in violation of 21 U.S.C. § 843(b). He was sentenced to 48 months in prison for each communication conviction and 120 months in prison for each possession conviction, to run concurrently. He appealed, and this court affirmed his conviction. *United States v. Stanley*, 396 F. App'x 482 (10th Cir. 2010).

After his unsuccessful appeal, Mr. Stanley filed a 28 U.S.C. § 2255 motion in the district court to vacate his sentence, raising three grounds for relief. He argued that (1) the Government engaged in vindictive prosecution by adding charges to superseding indictments after he alleged prosecutorial misconduct and invoked his constitutional rights to a jury trial and a speedy trial; (2) his trial counsel was ineffective because he did not raise the vindictive prosecution allegation; (3) his appellate counsel was ineffective for failing to allege vindictive prosecution on direct appeal.

The district court ruled that Mr. Stanley's "three claims are inherently interdependent." ROA at 154. It determined that Mr. Stanley's first claim was procedurally barred because he failed to raise it on direct review. Nonetheless, the court reviewed the vindictive prosecution claim because Mr. Stanley's two ineffective assistance of counsel claims depended on it. To prevail on his ineffective assistance

2

claims, Mr. Stanley needed to "demonstrate that it [wa]s reasonably probable that the underlying vindictive prosecution claim would have been successful" and therefore would have changed the outcome of his case. *Id.* at 155; *see also Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding that, in addition to showing deficient performance, a movant asserting an ineffective assistance of counsel claim must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

The district court determined that Mr. Stanley's vindictive prosecution claim lacked merit. It first found that Mr. Stanley had failed to offer proof of "actual vindictiveness." ROA at 156 (quoting *United States v. Sarracino*, 340 F.3d 1148, 1177 (10th Cir. 2003)). The district court then addressed whether there was "'a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness.'" *Id.* (quoting *Sarracino*, 340 F.3d at 1177).

The district noted Supreme Court decisions refusing to recognize a presumption of vindictiveness for certain pretrial Government actions. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363-64 (1978) (holding that a presumption of vindictiveness did not apply to the back and forth negotiations of plea bargains if there is probable cause for the charges and the defendant may accept or reject the offer); *United States v. Goodwin*, 457 U.S. 368, 382-84 (1982) (holding that the presumption of vindictiveness did not apply when the Government brought a felony indictment after the defendant refused to plead guilty to misdemeanor charges and demanded a jury trial). The district court found that Mr. Stanley's argument that the Government acted vindictively by adding charges to his

3

indictment after he refused to plead guilty and cooperate was "not genuinely distinguishable from those of *Bordenkircher* or *Goodwin*" and therefore the presumption of vindictiveness did not apply. ROA at 161. Consequently, Mr. Stanley could not prevail on his ineffective assistance of counsel claims. The court denied his motion and refused to issue a COA.

## II. DISCUSSION

Mr. Stanley now seeks a COA to challenge the district court's order denying his § 2255 petition. Mr. Stanley requests that we grant a COA on his ineffective assistance of counsel claims and his vindictive prosecution claim.

A COA is a jurisdictional prerequisite for appeal from the district court's dismissal of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). To obtain a COA, Mr. Stanley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). He may do this by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quotations omitted).

In his application for COA, Mr. Stanley argues, as he did at the district court, that his lawyers were ineffective by failing to raise allegations of vindictive prosecution at trial and on appeal. To establish ineffective assistance of counsel, a petitioner must show (1) constitutionally deficient performance that (2) resulted in prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

case would have been different." *Strickland*, 466 U.S. at 687, 694. If the applicant cannot show either "deficient performance" or "sufficient prejudice," the ineffective assistance claim "necessarily fails." *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

To show sufficient prejudice, the applicant must establish that "counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable." *Id.* (quotations omitted). "Establishing a reasonable probability of a different outcome requires something less than a showing [that] counsel's deficient conduct more likely than not altered the outcome in the case. Instead, a reasonable probability is one sufficient to undermine confidence in the outcome." *Id.* (citation omitted) (quotations omitted). "[M]ere speculation is not sufficient to satisfy this burden." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

We have reviewed Mr.Stanley's application for COA, the record on appeal, and the relevant legal authority. We conclude, as did the district court, that Mr. Stanley failed to establish prejudice because he provided insufficient evidence of either actual vindictiveness or "a realistic likelihood of vindictiveness." *Sarracino*, 340 F.3d at 1177.

We conclude that reasonable jurists could not debate the correctness of the district court's decision on Mr. Stanley's ineffective assistance of counsel claims. We therefore deny COA on this issue.

### III. **CONCLUSION**

We reject Mr. Stanley's application for a COA and dismiss this matter.  We also deny his request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

6